[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose birth name was Raymond, was married to the defendant on May 5, 1984 at Taftville, Connecticut.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of this action. CT Page 5998
One child was born to the wife, which child is issue of the marriage, to wit: Sarah Rose McDonald, born July 22, 1986.
The marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution is entered.
The parties have stipulated that custody of the minor child shall vest with the mother and that the father shall pay the sum of $152 per week as child support. The child support is in accordance with the guidelines. An immediate wage garnishment is ordered to secure the payment of said child support.
The Court further finds the testimony of Mr. Baecherer as to valuation of the marital premises to be the more credible evidence. Accordingly, the Court finds the fair market value of said premises to be $77,500.
The wife claims that the husband was physically and mentally abusive to her during the course of the marriage. She testified as to several occasions where he pushed her, split her lip and pulled her pants down in front of several people. She further testified that he belittled her and spoke about their sex life in front of others. Her testimony is very believable.
The husband, whose testimony is also forthright and believable, does not appear to seriously contradict the testimony of his wife, although he does feel that both contributed to the breakdown of the marriage.
From the testimony presented, the Court finds that the primary cause of the breakdown is attributed to the behavior of the husband.
The wife is a high school graduate with no apparent skills, and during this nine-year marriage, was responsible for the care of the home and the child. She is in good health and has worked as a bus driver for the past four years. She is 33 years of age.
The husband is also 33 years of age with one year CT Page 5999 of college education. He presently works for SNET Company and earns $803 per week. He also is in good health.
The marital home, which has approximate equity of $43,000, was purchased in September 1984. The deposit and down payment came entirely from the husband's savings which were accummulated [accumulated] prior to the marriage.
After a careful review of all the exhibits and the testimony of the parties, and after consideration of the mandates of Connecticut General Statutes 46b-81, 46b-82 and46b-84, the Court further finds and orders as follows:
(1) The wife shall have custody of the minor child and husband shall have rights of reasonable visitation. Visitation may not, however, take place at the father's apartment as long as his present roommate resides there. The parties shall alternate holidays and the father shall further be entitled to one week's visitation in the summer. He shall provide the wife with information as to the whereabouts of the minor child during the time he is exercising his rights of visitation.
(2) Child support is ordered as previously indicated in the memorandum.
(3) The husband shall pay to the wife as periodic alimony the sum of $50 per week for a period of nine years, which alimony shall terminate sooner upon the happening of the first of the following events:
a. remarriage by the wife;
b. death of either party.
In no event shall alimony be modifiable as to term.
(4) The husband shall transfer to the wife all of his right, title and interest in the 1984 Mercury Cougar automobile.
(5) The husband shall maintain major medical and dental insurance coverage for the benefit of the minor child as available through his employment. All unreimbursed medical and dental expenses shall be divided equally between CT Page 6000 the parties. These orders are entered into subject to the provisions of Connecticut General Statutes 46b-84 (c).
(6) The husband shall maintain whatever life insurance he presently has through his employment having the minor child as irrevocable beneficiary for so long as he is delegated to support said child.
(7) All of the personal property, including the tractor, shall become the sole and exclusive property of the wife with the exception of the following which shall become the exclusive property of the husband.
a. G.M. clock
b. G.M. silver
c. Lazy Boy lounger
 d. All his mechanical equipment and clothing
(8) The husband shall make available to the wife COBRA benefits and shall assist the wife in the processing of any claim. Any premium refused shall be the responsibility of the wife.
(9) The wife shall have exclusive possession of the marital home and the husband shall convey to his wife by quitclaim deed all of his right, title and interest to said premises.
The wife shall execute and deliver to the husband an interest-free mortgage deed and note in the usual form in the amount of $10,000 which shall be due and payable upon the happening of the first of the following events:
a. remarriage of the wife;
b. sale of the premises;
 c. when the minor child reaches her 19th birthday.
The wife shall be responsible for the payment of CT Page 6001 the mortgage, insurance and taxes and shall hold the husband harmless.
(10) The Court finds an arrearage of $621 due the wife. The husband shall pay said arrearage at the rate of $15 per week.
(11) Husband shall within ninety (90) days pay to wife the sum of $500 as an allowance to prosecute.
(12) Except as otherwise provided in the memorandum, each of the parties shall own whatever asset is in his or her name and each shall be responsible for the liabilities reflected on their financial affidavits.
Mihalakos, J.